UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM H. BALL, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> STRATOSPHERE GAMING, LLC, *et. al.*, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.: 2:24-cv-00071-GMN-NJK <br><br> **ORDER GRANTING** <br> **MOTION TO DISMISS** |

Pending before the Court are two Motions to Dismiss, (ECF Nos. 7, 11), the first filed by Defendant Stratosphere Gaming, LLC, and the second filed by Defendant Tanya Spicer. Plaintiff William Ball filed a Response, (ECF No. 16), to which Defendants filed Replies, (ECF Nos. 14, 15).

The Court **GRANTS** Defendant Stratosphere Gaming's Motion to Dismiss because Plaintiff failed to effectuate proper service. The Court also **GRANTS** Defendant Spicer's Motion to Dismiss because Plaintiff does not state a claim upon which relief can be granted.

I.  **BACKGROUND**

This case arises from Defendants' allegedly improper discipline and termination of Plaintiff's employment. (*See generally* Compl., ECF No. 1-1). As part of Plaintiff's training on the casino floor of the Stratosphere Hotel, he was required to operate the Stratosphere's computer system. (*Id.* ¶ 3). Plaintiff alleges that his training was incomplete, and that he had to learn the system through observation of his colleagues. (*Id.* ¶¶ 8–20). During his employment, Plaintiff was moved to the graveyard shift by his swing shift supervisor, because the supervisor believed Plaintiff was unable to handle the speed of the day shift. (*Id.* ¶ 7). Defendant Spicer

became Plaintiff's graveyard-shift supervisor. (*Id.* ¶ 8).  Spicer placed Plaintiff under the supervision of a part-time pit supervisor to help Plaintiff learn the computer system. (*Id.*).

At some point during his new graveyard position, Spicer told Plaintiff that $1300 in chips were missing from the marker player's table. (*Id.* ¶¶ 20–21).  To remedy the problem, Plaintiff gave the marker player another $500, which was an estimate of the amount the other players had won with the marker player's money. (*Id.* ¶ 22).  Plaintiff then returned the marker based on his experience at other casinos and watching another colleague do the procedure. (*Id.* ¶ 24).  Plaintiff ultimately made a mistake returning the marker, so his assistant shift manager told Plaintiff that he would teach him the proper procedure. (*Id.* ¶ 25).

When Plaintiff went to work the next day, he was told to meet with Spicer in her office. (*Id.* ¶ 26).  Spicer told Plaintiff that she had to two work extra hours to remedy his mistake, and that he should begin looking for another job away from the Strip. (*Id.* ¶¶ 28–31).  Spicer created a Performance Improvement Notice for Plaintiff, which he alleges contained several false or misleading statements about him. (*Id.* ¶ 34).  Plaintiff filed this case in state court and brought claims for "age discrimination prohibited by state and federal law," and defamation. (*Id.* ¶¶ 35–40).  Defendants removed to federal court. (Pet. Removal, ECF No. 1).  Shortly thereafter, Defendants filed the instant Motions to Dismiss.

## II.   LEGAL STANDARD

### A. Motion to Dismiss 12(b)(5)

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Fed. R. Civ. P.] 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). Because Plaintiff originally filed his Complaint in state court, Defendant's Motion must be

decided under Nevada law and thus the Court looks to the Nevada Rules of Civil Procedure ("NRCP"). *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993) (noting that "[t]he issue of the sufficiency of service of process prior to removal is strictly a state law issue"), overruled on other grounds by *Cal. Dep't Water Res. v. Powerex Corp.*, 53 F.3d 1087, 1091 (9th Cir. 2008).

When applying the NRCP, the Court may look to the corresponding federal rule for guidance. *Am. Home Assurance Co. v. The Eighth Judicial Dist.*, 147 P.3d 1120, 1238 n.28 (Nev. 2006). In federal court, Rule 4 governs the service of process. When a party brings a motion to dismiss for insufficiency of service of process under Fed. R. Civ. Pro. 12(b)(5), the court may choose to dismiss the action or quash service. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 (3d ed. 2008). Courts have broad discretion to dismiss the action or quash service. *Id.* However, the Court should be mindful that if the defendant likely can be served, quashing service avoids duplicative action on the part of the plaintiff. *Id.* Thus, mindful that plaintiffs should not be denied their day in court because of a technical oversight, federal courts frequently retain the action and permit the plaintiff an opportunity to re-serve the plaintiff. *See Surowitz v. Hilton Hotel Corp.*, 383 U.S. 363, 373 (1966) ("[T]he basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals.").

### B. Motion to Dismiss 12(b)(6)

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. DISCUSSION

Stratosphere moves to dismiss Plaintiff's Complaint because (1) Plaintiff failed to sufficiently effectuate service, (2) Plaintiff failed to file an administrative charge, and (3) Plaintiff failed to state claims for age discrimination and defamation. (*See generally* Stratosphere Mot. Dismiss, ECF No. 7). Spicer also moves to dismiss the Complaint based on Plaintiff's failure to file an administrative charge or state claims for age discrimination and defamation. (*See generally* Spicer Mot. Dismiss, ECF No. 11). The Court will first address whether Stratosphere was properly served, and then whether Defendant failed to file an administrative claim or state claims for age discrimination and defamation.

#### A. Proper Service

Stratosphere argues that Plaintiff failed to effectuate service because delivery of a complaint and summons by mail are not permitted ways to effectuate service under the Federal Rules or the Nevada Rules of Civil Procedure ("NRCP"). (Stratosphere Mot. Dismiss 5:3–6:4). Once service is challenged via a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of proving that service was valid. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Plaintiff has not met that burden.

Rule 4 requires a plaintiff to complete *personal service* of the summons and complaint to a corporation. Fed. R. Civ. P. 4(d), (e), (h). A corporation may be served by "delivering a

copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process," or in the manner that individuals are served pursuant to Rule 4(e)(1). Fed. R. Civ. P. 4(h).  Nevada law requires personal service of the summons and complaint to corporations by any of the personal delivery methods authorized in the Federal Rules, but not regular or certified mail. Nev. R. Civ. P. 4(d)(1), (6); NRS 14.020.

Plaintiff attempted to serve Stratosphere, a Nevada corporation, by mailing a copy of the summons and complaint to its registered agent. (Stratosphere Mot. Dismiss 5:26–27).  Plaintiff asserts that he mailed the proposed complaint as an attempt to start settlement negotiations. (Resp. at 1, ECF No. 16).  But regardless of Plaintiff's motivation, he has not served Stratosphere.  "Service by mail is not permitted under Nevada or federal law." *Crain v. Mercedez Benz of USA*, No. 2:22-cv-00806, 2022 WL 1922075, at *1 (D. Nev. Nov. 10, 2022) (citing cases).  Because Stratosphere has not been properly served, the Court does not have jurisdiction over it.

Having concluded that service was insufficient, the Court must decide whether to dismiss Stratosphere or quash service and grant Plaintiff an opportunity to serve. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).  "Given Plaintiff's pro se status, dismissal is too harsh a remedy at this stage." *Fuentes v. National Tr. Co. Deutsche Bank*, No. 22-cv-04953, 2023 WL 2278701, at *4 (N.D. Cal. Feb. 27, 2023).  The Court finds it appropriate to quash service and to grant Plaintiff 60 days to serve Defendant.  Accordingly, Defendant's Motion to Dismiss is GRANTED and Plaintiff is given 60 days to obtain proper process and complete service on Defendant Stratosphere.

**B. Age Discrimination**

Turning to Spicer's Motion to Dismiss, she argues that Plaintiff's age discrimination claim fails for three independent reasons. (Spicer Mot. Dismiss 4:2–7:17).  First, she argues

that Plaintiff failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Nevada Equal Rights Commission ("NERC"). (*Id.* 4:2–5:4). Second, because Spicer is not an employer, she argues she cannot be individually held liable. (*Id.* 5:6–23). Lastly, Spicer asserts that Plaintiff did not allege the required elements for a prima facie case of age discrimination. (*Id.* 5:25–7:17). The Court will first address Spicer's argument that Plaintiff failed to file an administrative charge.

### 1. Administrative Charge

As a prerequisite to filing suit under the Age Discrimination in Employment Act ("ADEA"), an aggrieved employee must submit an administrative charge with the EEOC. 29 U.S.C. § 626(d). "No civil action may be commenced . . . until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d)(1). The charge must be filed within 180 days of the act of alleged discrimination, or within 300 days of the discriminatory action if the state involved has an agency authorized to investigate age discrimination, whichever is earlier. 29 U.S.C. §§ 626(d)(1), (d)(2), 633(b). Compliance with the exhaustion requirement is a "jurisdictional prerequisite" to bringing a discrimination claim in federal court. *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001). Additionally, NRS § 613.420 requires an employee alleging employment discrimination to exhaust their administrative remedies by filing a complaint with the NERC before filing a district court action. *Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005).

Plaintiff does not allege that he filed an administrative charge with the EEOC, and thus the Court must dismiss this claim. However, it is not too late for Plaintiff to rectify this deficiency because his date of suspension was November 5, 2023, less than 300 days from the writing of this order. (*See* Performance Improvement Notice, Ex. 1 to Compl., ECF No. 1-1). Plaintiff's claim for age discrimination is therefore DISMISSED with leave to amend. Plaintiff is advised to attach his administrative charge to his amended complaint.

### 2. Spicer's Individual Liability

Spicer additionally argues that the age discrimination claim brought against her should be dismissed with prejudice because she was not Plaintiff's employer. Spicer is correct. "[C]ivil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if the agent is a supervisory employee." *Pink v. Modoc Indian Health Project*, 157 F.3d 1189, 1189 (9th Cir. 1998). The same is true for claims of discrimination brought under Nevada law. *Dickson v. Nevada*, No. 2:21-cv-00999-JAD-EJY, 2021 WL 2324353, at *3 (D. Nev. June 7, 2021). Thus, while Plaintiff has leave to amend his age discrimination claim against Stratosphere, his age discrimination claim against Spicer is **DISMISSED** with prejudice.

### 3. Failure to Allege Elements of Age Discrimination

The ADEA "makes it 'unlawful for an employer . . . to fail or refuse to hire or to discharge any individual [who is at least 40 years of age] . . . because of such individual's age.'" *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1280 (9th Cir. 2000) (citing 29 U.S.C. at §§ 623(a), 631(a)). To establish an ADEA violation under the theory of disparate treatment, Plaintiff must first allege a prima facie case of discrimination. *Id.* To bring a prima facie case using circumstantial evidence, Plaintiff must allege that he was (1) at least age 40, (2) performing his job satisfactorily, (3) discharged; and (4) replaced by a substantially younger employee with equal or inferior qualifications. *Id.*

Plaintiff does not allege that he was at least 40 years old or that he was replaced by a substantially younger employee with equal or inferior qualifications. (Spicer Mot. Dismiss 5:25–7:17). Plaintiff must also allege that he was performing his job in a satisfactory manner, which his Complaint appears to contradict because he made mistakes on the job. If Plaintiff wishes to amend this claim, he is advised that he must allege these elements in his amended complaint to the extent that they are true.

### C. Defamation

Finally, Spicer moves to dismiss Plaintiff's defamation claim. (*Id.* 7:19–9:17). Under Nevada law, a claim for defamation requires the Plaintiff to allege "(1) a false and defamatory statement . . . ; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Pope*, 114 P.3d at 282. Where the communication imputes a "person's lack of fitness for trade, business, or profession," damages are presumed. *K-Mart Corp. v. Washington*, 866 P.2d 274, 282 (Nev. 1993). Whether a particular statement constitutes libel or slander is a question of law, but if a statement is "susceptible of different constructions, one of which is defamatory, resolution of the ambiguity is a question of fact for the jury." *Id.* (quoting *Branda v. Sanford*, 637 P.2d 1223, 1225–26 (Nev. 1981). "As a general rule, only assertions of fact, not opinion, can be defamatory." *Id.* "However, expressions of opinion may suggest that the speaker knows certain facts to be true or may imply that facts exist which will be sufficient to render the message defamatory if false." *Id.*

Plaintiff alleges that his Performance Improvement Notice contained four misleading or false statements: (1) that he failed to maintain productivity or workmanship up to company standards, (2) that he created a ghost rating and ghost guests to attempt to fix his mistakes, (3) that he did not tell the Casino Manager or Assistant Manager about his mistake, or ask for help, even though he knew he made errors, and (4) that Plaintiff's dishonesty and lack of integrity made him a liability in his employment on the casino floor. (Compl. ¶ 34).

The first and fourth statements constitute "false and defamatory" statements, if untrue. Beginning with the first statement, Spicer argues that it is not "false and defamatory" because Plaintiff admits he didn't know how to use the computer system and was transferred to the graveyard shift where there were fewer guests. (Spicer Mot. Dismiss 8:10–12). Although Spicer is correct that Plaintiff was transferred, Plaintiff alleges that the swing shift supervisor

believed Plaintiff "was unable to handle the speed of the swing shift." (Compl. ¶ 7). Plaintiff does not affirmatively state that he failed to maintain productivity. Instead, he alleges that a supervisor held that belief because Plaintiff was not properly trained on the computer system. (*Id.* ¶¶ 3–7). The fourth statement, although an opinion, suggests Plaintiff's supervisor knows particular facts about his work and implies that facts exist "sufficient to render the message defamatory if false." *See K-Mart Corp.*, 866 P.2d at 282.

The second and third statements are not false and defamatory. Plaintiff admits he used ghost ratings, so the second statement cannot be the basis of his defamation claim. (Compl. ¶¶ 13–16) (explaining that Plaintiff used ghost ratings and guests, but stopped when he was told not to use them). As to the third statement, Plaintiff does not allege that he informed the Casino Manager or Assistant Manager of his mistake; instead, he alleges that he was *informed by* the Assistant Manager that he made a mistake. (*Id.* ¶ 25). If Plaintiff did not know that he made a mistake, or if he told the Casino Manager or Assistant Manager about the mistake, Plaintiff may amend his complaint for clarity.

Finally, Plaintiff does not allege the second requirement element of defamation: unprivileged publication a third party. (*See* Spicer Mot. Dismiss 9:3–17). Plaintiff does not allege that the Performance Notice was published by Spicer, but rather that he will have to share the Performance Notice on future employment searches. (Compl. ¶ 38). Because the first and fourth elements cannot be the basis of a defamation claim unless they are published to a third party, Plaintiff's claim for defamation is DISMISSED with leave to amend.

### IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, (ECF Nos. 7, 11), are **GRANTED**. Plaintiff shall have 21 days from the date of this Order to file an amended complaint consistent with this Order. Failure to file an amended complaint by this date will result in the Court dismissing Plaintiff's claims with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff has 60 days from the date of this Order to obtain proper process and complete service on Defendant Stratosphere Gaming.

**DATED** this __25__ day of June, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT